# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Kandis,**
**Petitioner Below, Petitioner**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)**     **No. 18-0118** (Ohio County 18-C-13)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Kandis, pro se, appeals the January 18, 2018, order of the Circuit Court of Ohio County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Elizabeth Davis Grant, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of burglary, one count of conspiracy to commit burglary, and three counts of second-degree robbery. Petitioner and the State entered into a plea agreement on September 25, 2013. Petitioner agreed to plead guilty to the three robbery counts and the State agreed to dismiss the burglary and conspiracy counts. The parties further agreed that, if the circuit court imposed consecutive sentences for the three robbery convictions, petitioner would face an aggregate sentence of fifteen to fifty-four years of incarceration. However, petitioner

---

[1]Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

remained free to argue for concurrent sentencing as to all three convictions.

At the September 25, 2013, plea hearing, the State stated that it would be recommending consecutive sentences. The circuit court then engaged petitioner in a plea colloquy pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). The circuit court asked whether petitioner's attorney fully explained the plea agreement's terms to him. Petitioner answered affirmatively and further testified that he was completely satisfied with the attorney's representation. The circuit court also inquired whether petitioner had consumed drugs or alcohol within the twenty-four hours prior to the plea hearing. Petitioner testified that he had not done so. Petitioner further responded that "he had never been hospitalized for psychological or mental conditions, nor was he being treated for a psychological or mental condition." At the end of its colloquy with petitioner, the circuit court accepted petitioner's guilty plea to each robbery count and found that petitioner entered his pleas freely, voluntarily, and intelligently. Accordingly, the circuit court convicted petitioner of three counts of second degree robbery.

At a November 14, 2013, sentencing hearing, petitioner's attorney proffered to the circuit court that petitioner had come to the terms with his drug addiction and argued that petitioner should receive a sentence that would allow him to reenter society following treatment and rehabilitation. The State acknowledged petitioner's history of drug addiction. Thereafter, the circuit court imposed consecutive terms for petitioner's robbery convictions for an aggregate sentence of fifteen to fifty-four years of incarceration.

On September 8, 2014, petitioner filed a petition for writ of habeas corpus, arguing that his attorney was ineffective during the plea bargaining process. By order enter March 31, 2015, the circuit court addressed petitioner's factual assertion that his attorney was battling illness at the time petitioner entered his pleas by finding that it "saw no evidence or indication that [counsel] was ill at that time of [p]etitioner's plea hearing or that his legal abilities were impeded in any way during [the] underlying proceedings." The circuit court further found that "[p]etitioner expressed his satisfaction with [counsel]'s services when questioned by the [c]ourt during his plea hearing." Accordingly, the circuit court denied petitioner's habeas petition, reaffirming its prior ruling that petitioner knowingly and voluntarily entered his guilty pleas. Petitioner appealed the circuit court's denial of habeas relief. In *Kandis v. Ballard*, No. 15-0431, 2016 WL 1549453 (W.Va. Apr. 15, 2016) (memorandum decision), this Court rejected petitioner's contention that his attorney promised that he would receive concurrent sentences. *Id.* at *3. Accordingly, this Court affirmed the denial of petitioner's habeas petition, finding that the circuit court's determination that petitioner's guilty pleas were knowingly and voluntarily entered was not clearly erroneous. *Id.* at *3-4.

On January 5, 2018, petitioner filed a second petition for writ of habeas corpus, arguing that the circuit court erred in denying his first habeas petition and in finding that his guilty pleas were knowingly and voluntarily entered. Petitioner contended that his drug addiction was severe enough to render him mentally incompetent to enter his pleas. By order entered January 18, 2018, the circuit court found that petitioner could not challenge its denial of relief in his first habeas proceeding given this Court's affirmation of that judgment in *Kandis*. The circuit court further rejected petitioner's argument that his drug addiction affected his mental competency during the

plea bargaining process. The circuit court found that petitioner's incarceration began in May of 2013 and that, as a result, "[petitioner] had not consumed or abused any opioid drugs for approximately four (4) months" at the time of the September 25, 2013, plea hearing. The circuit court further reaffirmed its previous findings that "[d]uring his plea hearing, [p]etitioner admitted that he had not taken any drugs or alcohol within the preceding twenty-four (24) hours, he had never been hospitalized for psychological or mental conditions[,] and he was not being contemporaneously treated for any." Accordingly, the court found that "there is no evidence or indication in the underlying criminal file that [p]etitioner's alleged opioid addiction affected the voluntariness of his guilty plea[s]" and denied petitioner's habeas petition.

Petitioner appealed the circuit court's January 18, 2018, order denying his second habeas petition on February 15, 2018, and on February 28, 2018, filed a motion for appointment of appellate counsel. By order entered on March 6, 2018, this Court deferred ruling on petitioner's motion. We review the circuit court's denial of habeas relief under the following standards:

> 1. "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).
>
> ****
>
> 3. "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In syllabus point one of *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997), we further held that West Virginia Code § 53-4A-7(c) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention raised.

On appeal, petitioner argues that the findings set forth in the circuit court's order were insufficient to show that, with an evidentiary hearing and appointment of counsel, he would not be able to prove his claims that (1) the circuit court erred by denying relief in his prior habeas proceeding; and (2) petitioner's guilty pleas were not knowingly and voluntarily entered due to mental incompetency. Respondent counters that the circuit court's findings were sufficient to show that the court properly denied petitioner's habeas petition without a hearing or appointment of counsel. We agree with respondent given that neither of petitioner's claims has merit.

We easily dispose of petitioner's first claim as our decision in *Kandis* constituted a final decision on the merits pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure. *See In Re: T.O.*, 238 W.Va. 455, 464, 796 S.E.2d 564, 573 (2017) (finding that a memorandum decision is an adjudication on the merits); *State v. McKinley*, 234 W.Va. 143, 151, 764 S.E.2d 303, 311 (2014) (same). Therefore, based on our review of the record, we conclude that the circuit court correctly found that petitioner could not challenge its denial of relief in his first habeas proceeding given our affirmation of that judgment.

We find that petitioner's second claim, that his guilty pleas were not knowingly and voluntarily entered due to mental incompetency, is unsupported by the record. Petitioner argues that his attorney's proffer at the November 14, 2013, sentencing hearing shows that his drug addiction was severe enough to affect his mental ability during the plea bargaining process. However, based on our review of the sentencing transcript, we find that the proffer is consistent with the circuit court's findings that, as a result of being incarcerated from May of 2013, "[petitioner] had not consumed or abused any opioid drugs for approximately four (4) months" at the time of the September 25, 2013, plea hearing. As petitioner himself testified at the plea hearing, he consumed no drugs or alcohol within the preceding twenty-four hours. Petitioner further informed the circuit court that "he had never been hospitalized for psychological or mental conditions, nor was he being treated for a psychological or mental condition." Therefore, we find that the circuit court had no reason to believe that petitioner was not competent to enter his guilty pleas in a knowing and voluntary manner. Accordingly, we concur with the circuit court's finding that "there is no evidence or indication in the underlying criminal file that [p]etitioner's . . . addiction affected the voluntariness of his guilty plea[s]"[2] and conclude that the circuit court did not abuse its discretion in denying his habeas petition.[3]

For the foregoing reasons, we affirm the circuit court's January 18, 2018, order denying his petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** June 17, 2019

---

[2]On appeal, petitioner argues that, like the trial court, his attorney failed to recognize that he was mentally incompetent to knowingly and voluntarily enter his guilty pleas. However, we find that the habeas court's determination that the record contained no evidence to indicate that petitioner's drug addiction affected his mental ability is sufficient to show that petitioner's attorney also had no reason to believe that petitioner was not competent to enter his guilty pleas in a knowing and voluntary manner.

[3] Given that the circuit court properly denied petitioner's habeas petition, we deny petitioner's motion for appointment of appellate counsel pursuant to West Virginia Code § 53-4A-4(a), which provides that such a motion in habeas appeals shall be denied when "the grounds assigned therefor are without merit[.]"

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison